IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CRIM. NO. JKB-14-245 |
| **THOMAS MIMS,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

The Honorable William D. Quarles, Jr., sentenced Defendant Thomas Mims to a period of 180 months' imprisonment on December 18, 2014 after Mims pleaded guilty to Hobbs Act Robbery and Using and Carrying a Firearm During and in Relation to a Crime of Violence. (ECF No. 25.) Mims has now filed a letter requesting compassionate release in light of the COVID-19 Pandemic. (ECF No. 37.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the Motion will be DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted "by the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* However, a defendant may only move for a reduction under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The Court of Appeals for the Fourth Circuit has been firm that a court is without the authority to modify a sentence except in conformity with the specific circumstances and procedures established by § 3582. *See United*

1

*States v. Goodwyn*, 596 F.3d 233 (4th Cir. 2010) (A court "may not modify a term of imprisonment once it has been imposed" unless expressly permitted by statute.) (quoting § 3582). Accordingly, this Court has found that it lacks the discretion to grant compassionate release to a defendant who has not followed the procedure established by the statute. *See United States v. Hall*, Crim. No. JKB-04-323 (D. Md. June 24, 2020), ECF No. 644.

In his letter, Mims does not claim that he has made the necessary request to the warden of his facility. Nor does he attach any records verifying that he made such a request. As such, because Mims has failed to allege or provide any evidence that he has pursued the procedure established by § 3582(c)(1)(A), this Court may not modify his sentence.[1]

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Mims' legitimate concerns about his living situation. The Court also appreciates that Mims may face a heightened risk due to his age and medical condition. However, this Court is limited by the existing statutory authority in the relief it may consider. Accordingly, Mims' Request for Compassionate Release (ECF No. 37) is DENIED without prejudice.

DATED this 24th day of November, 2020.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge

---

[1] Mims may renew his motion for relief after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Any renewed motion should be accompanied by records verifying Mims' claims regarding his medical condition, to facilitate the Court's review of his application.